FILED

2012 FEB 17  AM 11: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  TANJA L. DARROW, Bar No. 175502
   tdarrow@littler.com
2  SARAH E. ROSS, Bar No. 252206
   sross@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  310.553.0308
   Facsimile:   310.553.5583
6
7  Attorneys for Defendant
   MEDTRONIC MINIMED, INC.
8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11  SHARISSE VESTAL,                    Case No. CV 12  1388 – CAS (VBK)
12              Plaintiff,
                                        ASSIGNED FOR ALL PURPOSES TO
13  v.                                  JUDGE

14  MEDTRONIC MINIMED, INC.; and        **DEFENDANT'S NOTICE OF
    DOES 1 to 10,                       REMOVAL OF CIVIL ACTION TO
15                                      FEDERAL COURT**
16              Defendant.              **[28 U.S.C. §§ 1332, 1441 & 1446]**

17                                      Complaint filed:  January 17, 2012
                                        (originally filed in Los Angeles Superior
18                                      Court)

19
20
21
22
23
24
25
26
27
28

1    **TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE**

2    **CENTRAL DISTRICT OF CALIFORNIA:**

3        PLEASE TAKE NOTICE that Defendant Medtronic MiniMed, Inc.

4    ("Defendant") contemporaneously with the filing of this Notice, hereby effects

5    removal of the above-referenced action from the Superior Court in the State of

6    California for the County of Los Angeles to the United States District Court for the

7    Central District of California. This removal is based on 28 U.S.C. sections 1441 and

8    1446 and, specifically, on the following grounds:

9    **I.    JURISDICTION AND VENUE ARE PROPER**

10       1.    This action is a civil action over which this Court has original jurisdiction

11    based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and is one

12    that may be removed to this Court by Defendant pursuant to 28 U.S.C. Section

13    1441(b) because it is a civil action between citizens of different states and the amount

14    in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

15    28 U.S.C. §§ 1332, 1441(a) and § 1446(b).

16       2.    2.    Venue is proper in this Court pursuant to 28 U.S.C. sections

17    84(c)(2), 1391 and 1446.

18    **II.    STATUS OF THE PLEADINGS**

19       3.    This lawsuit arises out of Plaintiff Sharisse Vestal's ("Plaintiff")

20    employment with Defendant. On January 17, 2012, Plaintiff filed a complaint in the

21    Superior Court of the State of California, County of Los Angeles, entitled <u>SHARISSE</u>

22    <u>VESTAL V. MEDTRONIC MINIMED, INC.; AND DOES 1 TO 10</u> designated as

23    Case No. BC477139. The complaint asserts the following purported claims for relief:

24    (1) Discrimination Based Upon Race/Ancestry/Color – Disparate Treatment; (2)

25    Association Discrimination; (3) Retaliation For Opposing Violation of Govt. Code

26    Part 2.8 (FEHA; Govt. Code §§ 12900 – 12996).

27       4.    On or about January 18, 2012, Plaintiff served the Summons and

28    Complaint on Defendant.

5.     As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter.

6.     To date, the following documents have been filed in this case with the Superior Court for the County of Los Angeles:

a.     Summons and Complaint, Civil Case Cover Sheet, both filed by Plaintiff.   See Declaration of Tanja L. Darrow ("Darrow Decl.") ¶¶ 2-3; Exhibits ("Exh.") A-B.

b.     Proof of Service of Summons and Complaint filed by Plaintiff. See Darrow Decl. ¶ 6, Exh. E.

c.     Answer to Plaintiff's Unverified Complaint filed by Defendant. See Darrow Decl. ¶ X, Exh. F.

## III.   TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant's first receipt of the Summons and Complaint, on or about January 18, 2012, and within one year of the filing of the Complaint on January 17, 2012. See 28 U.S.C. § 1446(b).

## IV.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

### A.   Plaintiff is a Citizen of California

8.     Pursuant to her Complaint, at all relevant times Plaintiff is, and was, a resident of California.   (Complaint ¶ 4).   Indeed, Plaintiff resides in the state of California with the intent to remain there, and is therefore a citizen of California for purposes of the instant jurisdictional analysis. See, e.g., Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

### B.   Defendant is Not A Citizen of California

9.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

1    **1.   Defendant is Not Incorporated in The State of California**

2        10.   Defendant is a corporation organized and incorporated under the laws of

3    the State of Delaware.  (Declaration of Keyna Skeffington ("Skeffington Decl.") ¶ 3).

4        **2.   Defendant Maintains Its Principal Place of Business in**

5             **Minneapolis, Minnesota**

6        11.   Although courts previously employed one of a number of tests to

7    determine a corporation's "principal place of business," the United States Supreme

8    Court recently clarified this uncertainty and announced a single, uniform test to be

9    applied in making such a determination.  See Hertz Corp. v. Friend, 130 S. Ct. 1181,

10   1192 (2010).  In this regard, the Court held that the "nerve center" test should be used

11   to determine a corporation's "principal place of business."  Id.

12       12.   To this end, the Court reasoned that a corporation's "nerve center" is

13   normally located where the corporation maintains its corporate headquarters and

14   where the "corporation's officers direct, control, and coordinate the corporation's

15   activities."  Id.  In other words, a corporation's "principal place of business" can be

16   found where the corporation's "brain" is located.  Id.

17       13.   Although the Hertz Court did not articulate a precise test by which to

18   determine the location of a corporation's "nerve center," prior lower court decisions

19   applying the "nerve center" analysis are instructive in this regard.  Specifically, courts

20   have previously considered the following list of non-exclusive factors in determining

21   a corporation's "nerve center":

22            a.    where the company's home offices are located

23            b.    where the directors and stockholders meet;

24            c.    where the corporate officers and executives reside;

25            d.    where policy decisions are made;

26            e.    where general counsel resides and has its offices; and

27            f.    where the administrative and financial offices are located and the

28   records kept.

.ITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1      See, e.g., Unger v. Del E. Webb Corp., 233 F. Supp. 713, 716 (N.D. Cal. 1964);

2   see also State Farm Fire & Cas. Co. v. Byrd, 710 F. Supp. 1292, 1293 (N.D. Cal.

3   1989).

4      14.   The "nerve center" of Defendant Medtronic MiniMed, Inc., is

5   indisputably located in Minneapolis, Minnesota.

6         a.   Medtronic MiniMed, Inc. maintains its headquarters in

7   Minneapolis, Minnesota. (Skeffington Decl. ¶3).

8         b.   Nearly all of the corporate decisions of Medtronic, Inc., which also

9   apply to Medtronic MiniMed, Inc. – including executive, administrative and

10  policymaking decisions, including but not limited to payroll, policies and direction

11  regarding compensation – are made at its Minnesota headquarters. (Skeffington Decl.

12  ¶4).

13        c.   While MiniMed, Inc. maintains operational facilities in California,

14  its high level officers direct, control and coordinate the corporation's activities from

15  its corporate headquarters in Minneapolis, Minnesota. (Skeffington Decl. ¶¶4, 5).

16  **C.   The Parties Are Diverse**

17     15.   As set forth above, complete diversity of citizenship exists in the instant

18  case because the parties, Plaintiff and Defendant, are citizens of different states.

19     16.   Does 1 through 10 are wholly fictitious.  The Complaint does not set

20  forth the identity or status of any said fictitious defendants, nor does it set forth any

21  charging allegation against any fictitious defendants.  The citizenship of these doe

22  defendants is to be disregarded for the purposes of determining diversity jurisdiction,

23  and therefore cannot destroy the diversity of citizenship between the parties in this

24  action.  28 U.S.C. § 1441(a); accord Newcombe v. Adolf Coors Co., 157 F.3d 686,

25  690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); see also Fristoe v. Reynolds

26  Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980).

27     17.   No other party is named or has been validly served as of the date of this

28  Notice of Removal.

## V.   BASED ON PLAINTIFF'S COMPLAINT, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

18.   The Complaint does not indicate a total amount of damages claimed; consequently, Defendants only need to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.   Sanchez v. Monumental Life Insurance Company, 95 F.3d 856, 862 (9th Cir. 1996), amended 102 F.3d 398, 404 (9th Cir. 1996).

19.   It can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000.   In measuring the amount in controversy, the Court must assume the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff in all claims asserted in her complaint.   Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 1001 (C.D. Cal. 2002).   Plaintiff seeks a recovery of lost wages in an amount estimated to be over $100,000, as well as statutory damages, including past and future emotional distress in an amount estimated to be over $100,000, and for exemplary and punitive damages.   (Complaint, ¶¶ 24, 29, 34, 42, 46).   Plaintiff was employed as a Diabetes Therapy Associate at an annual salary of $47,128.00.   Her employment was terminated on October 28, 2011.   (Complaint ¶¶ 22, 23).   Although Defendant denies Plaintiff is entitled to recover any such damages, assuming *arguendo*, Plaintiff were to recover back wages from the time of her termination until the present, approximately two and a half months, the amount of back pay would equal approximately $13,746 plus benefits.   Moreover, if the case proceeds to trial in January 2013, a year from when it was filed, and Plaintiff remains unemployed, she will be seeking a total of 15 months of lost wages, which is approximately $58,910 plus benefits.

20.   In addition, front pay awards in California frequently span a number of years.   See Smith v. Brown-Forma Distillers Corp., 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); Rabaga-Alvarez v. Dart Industries, Inc., 55 Cal. App. 3d 91, 92 (1976) (four years); Drzewiecki v. H&R

1  Block, Inc., 24 Cal. App. 3d 695, 705 (1972) (ten years).   Even conservatively
2  estimating that Plaintiff seeks front pay benefits for only the three years after trial, the
3  amount of future wages in controversy in this case would total at least an additional
4  $141,384 plus benefits.   Thus, it may reasonably be estimated that Plaintiff's claims
5  involve claims of back pay and front pay, which alone total an estimated $214,040
6  plus benefits.

7         21.  Plaintiff also alleges emotional distress and punitive damages.  (Complaint
8  ¶¶ 9, 24).   These categories of damages must be considered when calculating the
9  amount in controversy.  See Coleman v. Assurant, Inc., 463 F. Supp. 2d 1164, 1168
10  (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in
11  controversy in a civil action.") (citing Gibson v. Chrysler Corp., 261 F. 3d 927, 945
12  (9th Cir. 2001)); Richmond v. All State Insurance, 897 F. Supp. 447, 450 (S.D. Cal.
13  1995) (general and special damages included in the amount in controversy).
14  Numerous court decisions and jury verdicts in state and federal courts located within
15  the Ninth Circuit demonstrate that compensatory and punitive damages in excess of
16  $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has
17  alleged claims for discrimination and wrongful termination.  For example, in Jadwin
18  v. County of Kern, Case No. 07CV00026 (E.D. Cal. 2009), the plaintiff was awarded
19  a total verdict of $505,457 based upon claims of retaliation in violation of the Family
20  and Medical Leave Act and California Family Rights Act, failure to accommodate,
21  and failure to engage in the interactive process.  Likewise, in Martin v. Arrow
22  Electronics, Case No. SACV041134 (C.D. Cal. 2006), the plaintiff was awarded in
23  excess of one million dollars (including $300,000 for claimed pain and suffering) for
24  allegations of, among others, disability discrimination and wrongful termination.  In
25  Leuzinger v. County of Lake, Case No. C060398(SBA) (N.D. Cal. 2007), plaintiff
26  was awarded $1,679,001 for claims of disability discrimination and failure to
27  accommodate.  Taking into consideration that Plaintiff seeks many types of damages
28  in excess of her lost earnings, the amount of damages claimed by Plaintiff more likely

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1  than not meets the minimum amount in controversy.

2      22.    Plaintiff also seeks to recover attorneys' fees and costs. (Complaint, ¶¶

3  28, 33, 37, 41).  Cases involving the types of claims that Plaintiff has alleged in her

4  Complaint require at least $75,000.00 in attorneys' fees to proceed through discovery

5  and to trial during an approximate one-year period.  See Czarnik v. Ilumina, Case No.

6  763972 (Cal. Sup. Ct. July 16, 2002) (plaintiff awarded $325,000 in attorneys' fees

7  from court in case involving claims of discrimination and retaliatory termination).

8  The attorneys' fee claim is included in determining the amount in controversy when,

9  as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute.  Galt

10  G/S v. JSS Scandinavia, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("When an underlying

11  statute authorizes an award of attorneys' fees, . . . such fees may be included in the

12  amount in controversy.").  To date, Plaintiff has certainly incurred fees and costs in

13  connection with preparing and filing her Complaint.

14      23.    Based upon the pleadings, it does not appear to a "legal certainty that the

15  claim is really for less than" the amount in controversy minimum.  Spielman v.

16  Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting St. Paul Mercury Indem. Co. v.

17  Red Cab Co., 303 U.S. 283, 288-89 (1938)).  Thus, Defendant has carried its burden

18  of demonstrating by a preponderance of the evidence that the amount in controversy

19  in this matter exceeds the jurisdictional minimum of $75,000.00.

20  **VI.    NOTICE TO THE COURT AND PARTIES**

21      24.    Contemporaneously with the filing of this Notice of Removal in the

22  United States District Court for the Central District of California, written notice of

23  such filing will be given by the undersigned to Plaintiff' counsel of record, and a copy

24  of the Notice of Removal will be filed with the Clerk of the Court for the Superior

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.

1    Court of the County of Los Angeles, California.

2

3

    Dated:    February 17, 2012

4

5

6                                                    _____
                                                     TANJA L. DARROW
7                                                    LITTLER MENDELSON, P.C.
                                                     Attorneys for Defendant
8                                                    MEDTRONIC MINIMED, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SHARISSE VESTAL | MEDTRONIC MINIMED, INC.; and DOES 1 to 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| GEOFFREY C. LYON / ALLISON M. SCHULMAN<br>LYON LAW PC<br>400 Oceangate, Suite 1120<br>Long Beach, CA 90802<br>(562) 590-6900 | TANJA L. DARROW / SARAH E. ROSS<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East<br>Fifth Floor<br>Los Angeles, CA 90067<br>(310) 553-0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 200,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal pursuant to 28 U.S.C. §§ 1332(a), 1441(a) & (b) and 1446(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare |  | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application |  | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 245 Tort Product Liability |  |  |  |  |
|  | ☐ 290 All Other Real Property |  |  |  |  |

CV12   1388

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | American LegalNet, Inc.<br>www.FormsWorkflow.com | Page 1 of 2 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota and Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 17, 2012

Tanja L. Darrow

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 1388 CAS  (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.